# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0180V
Filed: April 18, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSEPH BARCELLO, | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \*   Special Processing Unit ("SPU") |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bruce W. Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.*
*Jennifer Leigh Reynaud U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 5, 2016, Joseph Barcello ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on September 19, 2014. On April 6, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 46).

On February 3, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $30,421.25, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $582.50 for a total amount of $31,003.75.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  (ECF No. 42, Tab C).

On February 8, 2017, respondent filed a response.  (ECF No. 43). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours, except as follows.  It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal. *Mostovoy v. Sec'y of Health & Human Servs.,* 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  After carefully reviewing petitioner's fee application, the undersigned finds that associate Ms. AnnMarie Sayad billed her regular attorney rate of $200-$225 per hour for certain hours spent performing tasks that are most appropriately characterized as paralegal/law clerk work. For example, Ms. Sayad billed at an attorney rate for tasks such as scanning, e-filing, burning records onto CDs, drafting notices of filing, updating exhibit lists and downloading exhibits from CM/ECF.  These hours should instead be compensated at the paralegal/law clerk rate of $145.00 per hour. Petitioner's filing records show that Ms. Sayad billed at least 6.6 hours[3] for performing paralegal/law clerk tasks. These entries will not be compensated at an attorney rate, but at a paralegal/law clerk rate of $145 an hour.  Accordingly, the fee award is reduced by $457.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $30,546.75,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bruce Slane, Esq.**

---

[3] *See* time entries billed on 12/02/15, 12/14/15, 12/23/15, 8/25/16, 9/14/16, 9/16/16, 9/22/16, 10/17/16, 10/18/2016, 11/4/2016, 11/11/16, 11/14/16, 11/17/16, 1/26/17.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. HHS,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.